72 F.3d 919
 315 U.S.App.D.C. 280
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Leonard Rollon CRAWFORD-EL, Appellant,
v.
Patricia BRITTON, and The District of Columbia, Appellees.
 No. 94-7203.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 28, 1995.
 
 Before: EDWARDS, Chief Judge, WALD and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard from an order of the United States District Court for the District of Columbia, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir. Rule 36(b). For the reasons stated in the accompanying memorandum it is
 
 
 2
 ORDERED and ADJUDGED that the District Court's order dismissing appellant's claims of denial of his First Amendment right to petition and his Fifth Amendment right to procedural due process is affirmed. Review of his First Amendment retaliation claim is reserved for resolution by the en banc court. Jurisdiction over appellant's pendent common law claim for conversion depends upon the en banc court's ultimate judgment regarding the remaining federal claim.
 
 ATTACHMENT
 MEMORANDUM
 
 3
 Appellant Leonard Rollon Crawford-El, a prison inmate, brings this action under 42 U.S.C. Sec. 1983 (1988). Appellant claims that, in retaliation for his exercise of First Amendment rights, District of Columbia Department of Corrections official Patricia Britton withheld his property and diverted it outside government control, causing him economic loss as well as mental and emotional distress. Further, appellant alleges that, because his property contained legal materials relevant to several pending lawsuits, he was impeded in exercising his First Amendment right to petition the courts for redress of grievances. Finally, appellant claims that he was denied his Fifth Amendment right to procedural due process and also asserts a common law claim for conversion.
 
 
 4
 The District Court dismissed the complaint. We affirm the dismissal of appellant's right to petition and procedural due process claims. His First Amendment retaliation claim, however, is reserved for resolution by the en banc court. Supplemental jurisdiction over appellant's pendent common law claim depends upon the en banc court's ultimate judgment regarding the remaining federal claim.
 
 I. BACKGROUND
 A. The Dispute
 
 5
 Appellant Crawford-El is a District of Columbia prisoner who, along with several other inmates, was transferred out of the District's prison system in 1988 due to overcrowding, and then shuffled among facilities in four other states. On July 28, 1989, after having been assigned to a Washington state prison, appellant and other inmates were transferred to a federal correctional institution in Marianna, Florida, via correctional facilities in Missouri and Virginia. The inmates who were so transferred did not arrive at Marianna until September 22, 1989. At the beginning of the transfer process, the inmates were forced to surrender their property to prison officials for shipping. Crawford-El's property consisted of legal papers concerning pending federal civil and administrative actions, a photograph he believed necessary for a post-conviction motion in his criminal case, and some clothing and other miscellaneous personal articles.
 
 
 6
 Defendant Britton was the District of Columbia corrections official responsible for shipping Crawford-El's property to him during this transfer. Britton directed Washington state authorities to ship Crawford-El's property (and the property of all other prisoners who were being similarly transferred) to her in Washington, D.C. She received his property in mid-September 1989. Instead of then shipping Crawford-El's boxes to him in Marianna, Britton asked Crawford-El's brother-in-law, Department of Corrections employee Jesse Carter, to retrieve the property, even though Crawford-El had never authorized such a release. After Carter had claimed the property, Crawford-El requested that he return it to Britton so that it could be shipped to Marianna through prison channels. When Britton refused to accept a return of the property, Carter delivered it to Crawford-El's mother, who mailed the property to Crawford-El at his expense on January 24, 1990.
 
 
 7
 At first, Marianna officials would not permit Crawford-El to receive his boxes because they had been mailed to him outside of prison channels. Crawford-El was forced to submit an administrative complaint in order to retrieve the property. Not until February 1990 did he finally receive his property, about six months after he had surrendered it to prison officials in Washington state.
 
 
 8
 As a result of Britton's actions, Crawford-El alleges that he suffered mental distress and was obligated to incur the first-class mail delivery costs of shipping his property from the District of Columbia to Marianna, Florida, as well as the cost of replacing underwear, tennis shoes, soft shoes, and other items in his delayed packages. Crawford-El sued both Britton, in her individual capacity, and the District of Columbia Department of Corrections, seeking declaratory, injunctive, and monetary relief.
 
 II. ANALYSIS
 
 9
 In addition to his First Amendment retaliation claim, which will be resolved in further proceedings before the en banc court, Crawford-El raises two other constitutional claims, both of which were properly dismissed by the District Court. First, Crawford-El asserts that, because Britton deprived him of his legal papers for a period of six months, she interfered with his First Amendment right to petition the courts for redress of his grievances. The facts supporting this claim, however, are indistinguishable from Crawford-El's previous claim alleging denial of his Fifth Amendment right of access to courts, which was rejected by this court at an earlier stage of these proceedings. See Crawford-El v. Britton, 951 F.2d 1314 (D.C.Cir.1991), cert. denied, 113 S.Ct. 62 (1992). In the initial appeal, the panel ruled that Crawford-El could not sustain an access to courts claim unless he could show a specific litigation injury. Id. at 1321-22. In his amended complaint, Crawford-El has merely reasserted the same non-litigation injuries and recast his losing right of access claim as a First Amendment right to petition claim. Further, appellant asserts that to sustain this new claim he need not show litigation injury. We do not decide whether such First Amendment claims always require evidence of actual effect on pending litigation, however, because in this instance, the law of the case controls. Crawford-El has offered no evidence to supplement the allegations rejected by this court on the first appeal; therefore, the District Court properly dismissed this claim.
 
 
 10
 Crawford-El also raises a procedural due process claim, seeking an injunction that would prevent defendants from depriving inmates of their legal materials without providing a prompt informal hearing. The Supreme Court has ruled that, in order to determine whether any given administrative procedures are constitutionally sufficient, we must consider three factors:
 
 
 11
 First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.
 
 
 12
 Mathews v. Eldridge, 424 U.S. 319, 335 (1976). Inmates do have a strong interest in their possession of legal materials necessary to pursue pending or contemplated litigation. In these circumstances, however, a pre-deprivation hearing would have only minimal added benefit because inmates already have other means of redress available. As the trial judge noted, inmates can always alert the courts in which their cases are pending and seek an extension of time until the legal materials are returned. If necessary, they can also petition the court for an injunction to return the legal materials withheld by prison officials. Thus, there is very little added value to providing the pre-deprivation hearing requested. Given the District of Columbia's need for efficient and secure prison transfers, the balancing test favors defendants on this issue, and the trial court properly dismissed the claim.
 
 
 13
 Finally, Crawford-El raises a common law conversion claim, which the District Court dismissed because, once all the federal claims had been rejected, the court lacked jurisdiction over the pendent, non-federal claim. The vitality of this claim, therefore depends on the final resolution of appellant's First Amendment retaliation claim. If that claim is ultimately reinstated, the District Court would be able to assert supplemental jurisdiction over the conversion claim under 28 U.S.C. Sec. 1367 (Supp. V 1993). The District Court could then determine whether this claim should survive a motion to dismiss on the merits.
 
 III. CONCLUSION
 
 14
 We affirm the District Court's dismissal of appellant's claims that he was denied his First Amendment right to petition and that he was denied his Fifth Amendment right to procedural due process. His First Amendment retaliation claim is reserved for resolution by the en banc court. Based on the ultimate decision regarding that claim, the District Court may be able to assert supplemental jurisdiction over appellant's pendent common law conversion claim.